UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AVE M. CLAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25 CV 1040 JMB |
| ) | |
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Ave Marie Clay's Motion to Seal Case (Doc. 6) and Defendant Bank of America, N.A.'s Motion to Dismiss (Doc. 9).  For the reasons set forth below, the Motion to Seal is **DENIED** and the Motion to Dismiss is **GRANTED**.

**I.     Background**

Plaintiff Ave Maria Clay, who is proceeding *pro se*, filed a Petition in the Circuit Court of St. Louis County, Missouri, on June 11, 2025 (Doc. 1-1).  Plaintiff generally alleges that because Defendant Bank of America failed to provide reasonable care of her bank account, it is liable for breach of contract (Count I), negligence (Count II), and unjust enrichment (Count III).  Plaintiff maintains that she is entitled to compensatory damages, including "withheld funds, [ ] cancelled travel, [ ] repossession-related losses, credit damage, [ ] other financial harm . . . and further relief as the Court deems just and proper."  Defendant removed this matter on July 16, 2025, pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332, on the grounds that Plaintiff is a citizen of Missouri, that Defendant is a citizen of North Carolina, and that the amount in controversy is in excess of $75,000.

In particular, Plaintiff alleges that she deposited a valid $8,000 check into her Bank of America savings account on or about May 31, 2024, and that approximately five days later, she reported a fraudulent transaction in her checking account in the amount of $2,076.41 (Doc. 1-1, p. 2). Plaintiff further alleges that, following her report of the fraudulent transaction, Defendant "froze" both her checking and savings accounts, rendering them inaccessible. Plaintiff claims that this action was done without explanation. Plaintiff also asserts that in August 2024, Defendant closed her bank accounts without her consent or an adequate explanation, and that in September 2024, Defendant briefly reopened these accounts to issue a cashier's check. As to the consequences of Defendant's actions and its obligations, Plaintiff alleges:

> (1) "The Defendant froze Plaintiff's account without prior notice, preventing access to all funds, including the pending deposit [of the $8,000 check into her savings account]."
>
> (2) "Plaintiff remained locked out of her account, which caused severe financial hardship, canceled travel plans, and emotional distress."
>
> (3) "Defendant breached its contractual obligations by freezing the account without just cause[.]"
>
> (4) "Defendant owed Plaintiff a duty of reasonable care in managing her account investigating fraud claims and maintaining accuracy with internal records."
>
> (5) Defendant retained access to plaintiff's deposited funds . . . while preventing Plaintiff from using them."

(Doc. 1-1). For relief, Plaintiff seeks an award of compensatory damages "in excess of $100,000 including but not limited to $8,000 for withheld funds, $1,200 for canceled travel, $2,500 for repossession-related losses, credit damage, and other financial harm," damages for "emotional distress and reputational harm," punitive damages for "willful and malicious conduct," and a Court order "correcti[ng] any negative credit reporting" caused by Defendant's actions (Doc. 1-1, p. 4).

Defendant filed its motion to dismiss on July 23, 2025, arguing that Plaintiff fails to state a claim (Doc. 9). Plaintiff did not respond within the time allowed by Local Rule 4.01. The Court finds the lack of response an admission of the merits of the motion.

As to her Motion to Seal, which was filed in state court, Plaintiff asserts that pleadings that contain personal health information, private financial information, and mental health matters should be sealed. The Court notes that Plaintiff's allegations (and an affidavit in support of those allegations) do not contain specific health or financial information that would otherwise be subject to redaction or sealing in this Court. Plaintiff also has not supported her motion with any legal authority that would justify sealing this entire matter. Accordingly, this motion must be denied.

**II.    Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (quoting Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at

555-56; Fed. R. Civ. P. Rule 8(a)(2). However, the principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). *Pro se* pleadings are liberally construed; however, they still must contain sufficient factual information to support a claim. Mungai v. University of Minnesota, 141 F.4th 959, 963 (8th Cir. 2025).

### III. Discussion

#### 1. Count I – Breach of Contract

Plaintiff contends that Defendant breached its contractual obligations by "freezing the account without just cause, failing to make provisional funds accessible, and unreasonably delaying resolution over three months." To demonstrate breach of contract under Missouri law,[1] a plaintiff must show (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff. Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 850 (8th Cir. 2014) (quoting Keveney v. Mo. Military Acad., 304 S.W.3d 98, 104 (Mo. 2010) (en banc)). A plaintiff fails to state a claim for breach of contract if the Complaint does not specify the "promises the defendant has breached." Gillis v. Principia Corp., 832 F.3d 865, 872 & n.11 (8th Cir. 2016) "Vague references to unspecified 'agreements' are insufficient to state a claim for

---

[1] Defendant's motion cites to Missouri law in support of its arguments. It is unclear from the pleadings whether Plaintiff's claims are governed by Missouri law. However, "a federal court sitting in diversity borrows the forum state's choice-of-law rule." Cassirer v. Thyssen-Bornemisza Collection Found., 596 U.S. 107, 115 (2022). Missouri choice-of-law rules follow the "most significant relationship" test of the Restatement (Second) of Conflict of Laws, Section 188(2) (1971), which requires balancing of several factors, such as (a) the place of contracting; (b) the place of negotiation of the contract; (c) the place of performance; (d) the location of the subject matter of the contract; and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties. Superior Equip. Co. v. Maryland Cas. Co., 986 S.W.2d 477, 480 (Mo. Ct. App. 1998). Evaluating these factors, the Court concludes that Missouri has the most significant relationship to the transactions at issue between Plaintiff and Defendant.

breach of contract" because, at the very least, they do not put a defendant on notice of the claims against it as required by Federal Rule of Civil Procedure 8. See id. (quoting Reitz v. Nationstar Mortg., LLC, 954 F. Supp.2d 870, 884 (E.D. Mo. 2013)).

Here, Plaintiff alleges that her bank account was frozen on June 11, 2024, and that she remained locked out of her account for more than three months. She asserts that this conduct constitutes a breach of Defendant's contractual obligations, but she does not direct this Court to any contracts that explain precisely what "contractual obligations" are owed to her. Plaintiff has not attached the purported contracts to her Complaint, leaving this Court and Defendant unable to discern precisely how any such contracts were breached.

Even if Plaintiff had attached the contract to her Complaint, she would still be required to identify the specific contractual provision that Defendant allegedly violated. See Knowles v. TD Ameritrade Holding Corp., 2 F.4th 751, 757 (8th Cir. 2021). In Knowles, the Eighth Circuit affirmed dismissal under Rule 12(b)(6) where the plaintiff failed to identify the contractual term allegedly breached, holding that the mere existence of a contract is insufficient to state a claim. Id. The same is true here. Plaintiff's allegations that Defendant's conduct caused her damages, including financial losses and emotional distress, are conclusory and unsupported by any contractual provision. Such vague allegations are insufficient to survive a motion to dismiss under Rule 12(b)(6).

   2. **Count II - Negligence**

To state a claim for negligence under Missouri law, the plaintiff must allege sufficient facts that would show: "(1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff's injury." Scott v. Dyno Nobel, Inc., 967 F.3d 741 (8th Cir. 2020) (quoting Wieland v. Owner-Operator Servs., Inc., 540

S.W.3d 845, 848 (Mo. 2018)).  Here, Plaintiff alleges that Defendant owed her a duty of reasonable care in managing her account, investigating fraud claims, and maintaining accuracy with internal records.  Plaintiff claims that Defendant breached that duty by mishandling Plaintiff's fraud report, which resulted in inaccessible funds.  Plaintiff argues that this conduct caused prolonged harm, preventable hardship, and foreseeable damage.

Under Missouri law, the relationship between a bank and its depositor is one of debtor and creditor, respectively.  See Killoren v. First Nat. Bank in St. Louis, 127 F.2d 537, 543 (8th Cir. 1942); see also First Nat. Bank of Clinton v. Julian, 383 F.2d 329, 337-38 (8th Cir. 1967) (Unless designated as a "special deposit," which does not create a debtor-creditor relationship, an ordinary deposit in a bank is "presumed to be a general deposit and the relationship created between the bank and the depositor is that of debtor and creditor.").  Importantly, such a relationship between bank and depositor is "founded upon contract."  See Bank of Marin v. England, 385 U.S. 99, 101 (1966).  Accordingly, Plaintiff, a depositor, and Defendant, a bank, had a debtor-creditor relationship governed by some contract between the parties and any such failure to comply with the terms of the contract does not give rise to a negligence claim.  See Pippin v. Hill-Rom Co., 615 F.3d 886, 889 (8th Cir. 2010).

Nonetheless, while a breach of contract generally does not give rise to tort liability under Missouri law, courts may recognize a negligence claim where the alleged conduct involves negligent misfeasance in performing contractual duties.  See id. at 889-890.  Here, Plaintiff asserts that Defendant negligently mishandled her fraud report and failed to exercise reasonable care, thereby preventing her access to funds.  These vague allegations are devoid of any facts that would raise Plaintiff's claims from possible to plausible.  As noted above, Plaintiff has failed to identify any contract or contractual terms giving rise to such obligations and has failed to specify in what

manner Defendant committed negligent misfeasance. Such lack of detail fails to place Defendant on notice of the claim against it.

Even assuming Plaintiff could establish the existence of a duty, she must also sufficiently plead damages. Negligence claims cannot be premised solely on economic loss. Rockport Pharmacy, Inc. v. Digital Simplistics, Inc., 53 F.3d 195, 198 (8th Cir. 1995). Recovery in tort, including negligence, is generally limited to cases in which there has been "personal injury, or property damage[.]" Id. (quoting R.W. Murray Co. v. Shatterproof Glass Corp., 697 F.2d 818, 828–29 (8th Cir. 1983)). When the alleged injury consists of emotional distress, Missouri law further requires the plaintiff to plead facts showing that the distress was "medically diagnosable and sufficiently severe to be medically significant." Gordon v. City of Kansas City, Mo., 241 F.3d 997, 1004 (8th Cir. 2001) (discussing intentional and negligent infliction of emotional distress). Here, Plaintiff's damages are primarily based on economic loss, but Plaintiff also alleges non-economic loss such as emotional distress. These allegations are conclusory and lack sufficient factual support to establish injury that is medically diagnosable and sufficiently severe. Because Plaintiff failed to sufficiently allege facts establishing that Defendant owed her a duty, nor facts supporting a legally sufficient non-economic injury, she has failed to state a claim for negligence under Rule 12(b)(6).

### 3. Count III – Unjust Enrichment

Finally, the Court considers Plaintiff's unjust enrichment claim. To state such a claim under Missouri law, there must be allegations that: "(1) the plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances." Ahern Rentals, Inc. v. EquipmentShare.com, Inc., 59 F.4th 948, 957 (8th Cir. 2023) (quoting Binkley v. Am. Equity

Mortg., Inc., 447 S.W.3d 194, 199 (Mo. 2014) (en banc)).  Here, Plaintiff alleges only that Defendant retained access to her deposited funds while preventing her from using them.  Beyond this bare assertion, however, the Complaint contains no factual allegations showing that Defendant's retention of the funds was inequitable or unjust.  Instead, Plaintiff's allegations focus primarily on the personal hardships she claims to have suffered due to Defendant's conduct.  Such allegations, without showing inequity or injustice in the retention of the funds, are insufficient to state a claim for unjust enrichment.

**IV.   Conclusion**

For the foregoing reasons, Plaintiff's Motion to Seal (Doc. 6) is **DENIED** and Defendant's Motion to Dismiss (Doc. 9) is **GRANTED**. The Complaint is hereby **DISMISSED** without prejudice.  The Clerk of Court is directed to close this case.

Dated this 28th day of October, 2025

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE